# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cheryl Ann Sturges, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Nancy A. Berryhill, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 2:17-1360-RMG <br><br><br> **ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying Disability Insurance Benefits ("DIB"). The Magistrate Judge issued a Report and Recommendation ("R & R") on July 10, 2018, recommending that the Commissioner's decision be affirmed. (Dkt. No. 16). The Plaintiff has filed objections to the R & R, and the Commissioner has filed a reply. (Dkt. Nos. 18, 20). As explained more fully below, the Court affirms the decision of the Commissioner.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is

a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

**Discussion**

Plaintiff had a protracted history of back-related complaints, ultimately culminating in a February 19, 2014, surgery performed by Dr. Stephen Rawe, a neurosurgeon, to address a herniated disc at L3-4 with lateral recess stenosis and spinal instability. Transcript of Record ("Tr.") 273. Thereafter, Plaintiff was followed by a nurse practitioner in Dr. Rawe's office, Cynthia Anderson. After initially appearing to be doing well postoperatively, Plaintiff complained of a recurrence of back and leg pain. Tr. 296, 298. On May 6, 2014, Ms. Anderson referred Plaintiff to physical therapy to address what she described as "little progress" with Plaintiff's back and leg pain. Tr. 292. On August 12, 2014, which was Ms. Anderson's last treatment of Plaintiff, it was noted that Plaintiff had improvement of her leg pain but still

complained of back pain. Ms. Anderson then noted that "postoperative making slow progress. She is unable to return to her job as a parking lot attendant at Medical University of South Carolina" due to "prolonged standing, walking and sitting." Tr. 359.

Thereafter, Plaintiff received evaluations and treatment for her back and leg symptoms from Dr. Robert Eads, her primary care physician. Dr. Eads also noted Plaintiff's complaints of lower back and left lower extremity radicular pain. He prescribed various pain medications to address these symptoms. Tr. 333-4, 372, 378, 380-1, 385-7, 390.

Plaintiff underwent a one time physical assessment by Dr. Thaddeus Bell, a family physician. Dr. Bell documented that Plaintiff had a full range of motion in all planes and was not uncomfortable in the examination. Tr. 356. He observed no gait disturbance and found all assessments to be within the normal range. Dr. Bell noted that Plaintiff "shows no significant bad signs from her recent surgery other than she is in pain." Tr. 355-7.

The Administrative Law Judge ("ALJ") reviewed with some care the postoperative treatment by Nurse Practitioner Anderson in Dr. Rawe's office through August 12, 2014, and the follow up treatment provided by Dr. Eads. The ALJ also reviewed the one time examination of Dr. Bell, giving it "great weight." Tr. 22-4. The ALJ stated that she had "carefully considered the claimant's testimony and recent medical evidence," ultimately concluding that Plaintiff retained the residual functional capacity to do "light" work and was capable of returning to her former employment as a general cashier. Tr. 20, 24, 25. The Commissioner adopted the findings of the ALJ and denied Plaintiff's application for DIB.

The Magistrate Judge recommended that the decision of the Commissioner be affirmed. (Dkt. No. 16). Plaintiff has filed objections to the R & R because of the ALJ's alleged failure to

properly consider the opinion of Nurse Practitioner Anderson that Plaintiff was unable to return to her former position as a parking lot attendant. Plaintiff argues that the ALJ failed to give proper weight to the opinion of the nurse practitioner as a medical provider who is not an "acceptable medical source" under 20 C.F.R. § 404.1527(f)(1). (Dkt. No. 18 at 2).

The record reveals, however, that the ALJ carefully weighed the findings of the nursing practitioner, quoting extensively from her treatment records. Tr. 22. This included the finding from the last of Plaintiff's office visits, on August 12, 2014, when the ALJ noted that the nurse practitioner documented the presence of moderate back pain that "was worsened by prolonged standing, bending, and twisting." *Id.* But Plaintiff complains that the ALJ failed to mention and weigh the opinion of the nurse practitioner that Plaintiff was unable to return to her former position as a parking lot attendant because of the persistent problems with prolonged standing, walking and sitting. (Dkt. 18 at 2-3). Plaintiff argues this was legal error because even though the nurse practitioner was not then an "acceptable medical source" under the Social Security Act, the ALJ was still obligated to weigh any opinion of the nurse practitioner under the standards of § 404.1527(c).[1]

Plaintiff misapprehends the legal standard for weighing the opinions of any medical provider (whether an acceptable medical source or not an acceptable medical source) regarding the issue of whether a claimant is disabled. An opinion by a provider on the ultimate issue of whether a claimant is disabled is not considered an opinion that must be weighed because the issue of disability is reserved to the Commissioner. § 404.1527(d). The Commissioner is

---

[1] Under regulations adopted in 2017, a nurse practitioner is now an acceptable medical source. 20 C.F.R. § 404.1502(a)(7). Whether a nurse practitioner is or is not an acceptable medical source is immaterial under the Court's analysis.

obligated to weigh the findings and opinions of all providers, except those matters reserved to the Commissioner. The ALJ clearly did this, including the findings of the nurse practitioner.

Plaintiff also complains about the "great weight" given to the one time consulting evaluation of Dr. Bell. (Dkt. No. 18 at 3-4). Contrary to Plaintiff's argument, Dr. Bell made various findings based upon his physical evaluation of the claimant, including her full range of motion in all planes, lack of discomfort in undergoing her physical examination, "perfectly normal" straight leg raises, absence of any gait disturbance, and normal strength. Tr. 356. The record before the Court is conflicted regarding the degree of impairment of Plaintiff, and it is the duty of the Commissioner to weigh the evidence and to make necessary findings and conclusions. So long as there is substantial evidence to support the findings and conclusions of the Commissioner, the Court's obligation is to sustain the decision of the Commissioner. In performing this duty, the ALJ considered the entire record and concluded that the findings of Dr. Bell were entitled to "great weight." Tr. 24.

After a thorough review of the record in this matter and consideration of the applicable legal standards, the Court finds the decision of the Commissioner is legally proper and is supported by substantial evidence. Consequently, the decision of the Commissioner is affirmed.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

August 6, 2018
Charleston, South Carolina